UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JOHN DIXON,

                        Plaintiff,

    -against-

NORTHWEST AIRLINES, INC.,

                   Defendant.
-------------------------------------------------------x

**VERIFIED COMPLAINT**
**AND JURY TRIAL DEMAND**

INDEX NO.

**06 CIV 12974**

ASSIGNED JUDGE:
JUDGE McMahon

Plaintiff, John Dixon, by and through his attorneys, the Law Office of Paul N. Cisternino, P.C., as and for his verified complaint, alleges as follows:

## INTRODUCTION

1. This is an action against the defendant for the violation of plaintiff's federally guaranteed constitutional and civil rights and his rights as otherwise guaranteed under law.

2. Plaintiff seeks monetary compensation and other damages for the wrongful, illegal and unconstitutional acts of the defendant which violated rights guaranteed to the plaintiff under various federal and state laws, specifically Title VII of the Civil Rights Act of 1964 as amended by the Equal Employment Act of 1972, 42 U.S.C. §2000 *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. §§12112-12117, as amended, and the New York State Human Rights Law, New York Executive Law §290 *et seq.*

3. Plaintiff alleges herein that he was subjected to discrimination, denied the equal terms, conditions and privileges of employment, and retaliated against based on race/color and/or disability.

## JURISDICTION AND VENUE

4.  The jurisdiction of this Honorable Court is invoked pursuant to and under 28 U.S.C. §§ 1331, 1343 and 1367.

5.  The unlawful acts alleged herein were committed in whole or in part in the Southern District of New York.

## ADMINISTRATIVE PROCEEDINGS

6.  Plaintiff has satisfied all procedural requirements prior to commencing this action in that he timely filed charges of discrimination with the United States Equal Employment Opportunity Commission; plaintiff requested and received a written dismissal from the Commission, a copy of which has been annexed hereto; the instant complaint has been filed within ninety days receipt thereof.

## PARTIES

7.  Plaintiff is an African American male who at all times relevant herein resided in Westchester County within the State of New York.

8.  Upon information and belief defendant is an "employer" within the meaning of 42 U.S.C. §2000 *et seq* and New York Executive Law §290 *et seq*.

## ALLEGATIONS

9.  Plaintiff hereby repeats and realleges each allegation contained in paragraphs "1" through "8" as if fully set forth herein.

10. Plaintiff has been employed by the defendant since in or about 1990.

11. During his period of employment, plaintiff has always performed his job duties in a competent and professional manner and has never received any criticism of his performance.

12. Plaintiff was working as a Customer Service Supervisor at defendant's John F. Kennedy Airport location on September 8, 2002, when he sustained a back injury while lifting luggage, causing him severe lower back pain and radiating areas of pain and numbness in his left leg.

13. Plaintiff's injury was diagnosed as a herniated disk in an MRI on October 16, 2002 and he had surgical procedures for the condition in December 2002 and again in April 2004, causing him to miss some work days.

14. In an evaluation in or about October 2004, plaintiff's physician indicated that he could work with the restrictions of no lifting objects in excess of 25 pounds and no excessive sitting, standing, bending or twisting.

15. On or about September 30, 2005, after defendant claimed to have performed an accommodation assessment based on plaintiff's condition and position, a determination was made that plaintiff could perform the essential job functions without a reasonable accommodation.

16. On or about September 21, 2005 plaintiff attempted to exercise his rights under defendant's seniority system and requested that he be assigned to work as a Customer Service Supervisor at defendant's Newark Airport location.

17. Although plaintiff *was* assigned to Newark Airport, Newark's General Manager Andrew Deininger gave plaintiff undesirable shifts and hours that reduced his overtime opportunities and failed to credit plaintiff's seniority.

18. In or about November 2005, plaintiff internally complained regarding Deininger's treatment of him at Newark Airport.

19. In an October 5, 2005 meeting with several representatives of the defendant, plaintiff was given a limited duty position, however, it was discontinued by the defendant on January 17, 2006.

20. In a letter dated March 4, 2006 plaintiff was informed that he could work, again without any accommodation, as a Customer Service Supervisor at defendant's Newark location; however when plaintiff reported to work on March 6, 2006 he was sent home because he had not received required training.

21. Although he could have worked in other areas, plaintiff was forced to remain out of work until training could be scheduled, which he never received

22. Soon thereafter, plaintiff filed an internal complaint alleging race, disability discrimination and retaliation by the defendant.

23. Plaintiff was informed in a May 10, 2006 letter that an investigation had been conducted and that his allegations were not substantiated.

24. Because no remedial action had been taken by the defendant in response to his complaints, plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission and later commenced the instant action.

4

### AS AND FOR A FIRST CAUSE OF ACTION BASED ON RACE/COLOR UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

25. The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "24" as though fully set forth herein.

26. By engaging in the foregoing conduct, defendant has violated plaintiff's rights in that plaintiff was disparately treated based on his race/color.

27. As herein described, the defendant acted intentionally, with malice or with a reckless disregard for plaintiff's rights, proximately causing plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

### AS AND FOR A SECOND CAUSE OF ACTION BASED ON RACE/COLOR UNDER NEW YORK EXECUTIVE LAW §290

28. The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "27" as though fully set forth herein.

29. By engaging in the foregoing conduct, defendant has violated plaintiff's rights under the State Human Rights Law in that plaintiff was disparately treated based on his race/color.

30. As herein described, the defendant acted intentionally, with malice or with a reckless disregard for plaintiff's rights, proximately causing plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling plaintiff to an award of compensatory damages.

## AS AND FOR A THIRD CAUSE OF ACTION BASED ON RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

31. The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "30" as though fully set forth herein.

32. By engaging in the foregoing conduct, defendant has violated plaintiff's rights in that plaintiff was disparately treated in retaliation for opposing discriminatory practices by the defendant.

33. As herein described, the defendant acted intentionally, with malice or with a reckless disregard for plaintiff's rights, proximately causing plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

## AS AND FOR A FOURTH CAUSE OF ACTION BASED ON RETALIATION UNDER NEW YORK EXECUTIVE LAW §290

34. The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "33" as though fully set forth herein.

35. By engaging in the foregoing conduct, defendant has violated plaintiff's rights under the State Human Rights Law in that plaintiff was disparately treated in retaliation for opposing discriminatory practices by the defendant.

36. As herein described, the defendant acted intentionally, with malice or with a reckless disregard for plaintiff's rights, proximately causing plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling plaintiff to an award of compensatory damages.

## AS AND FOR A FIFTH CAUSE OF ACTION BASED ON DISABILITY UNDER THE AMERICAN'S WITH DISABILITIES ACT OF 1990

37. The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "36" as though fully set forth herein.

38. By engaging in the foregoing conduct, defendant has violated plaintiff's rights in that plaintiff was disparately treated and terminated based on disability.

39. As herein described, the defendant acted intentionally, with malice or with a reckless disregard for plaintiff's rights, proximately causing plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

## AS AND FOR A SIXTH CAUSE OF ACTION BASED ON DISABILITY UNDER NEW YORK EXECUTIVE LAW §290

40. The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "39" as though fully set forth herein.

41. By engaging in the foregoing conduct, defendant has violated plaintiff's rights under the State Human Rights Law in that plaintiff was disparately treated and terminated based on disability.

42. As herein described, the defendant acted intentionally, with malice or with a reckless disregard for plaintiff's rights, proximately causing plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling plaintiff to an award of compensatory damages.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff John Dixon, respectfully requests that this Court assume jurisdiction herein and thereafter:

1. Award plaintiff appropriate compensatory and punitive damages in an amount to be defined and determined;

2. Award reasonable attorney's fees and the costs of this action;

3. Award such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial for all claims stated herein.

Dated: White Plains, New York
        November 6, 2006

Respectfully submitted,
Law Office of Paul N. Cisternino, P.C.
*Attorneys for Plaintiff*

By:   Paul N. Cisternino (PC-0317)
701 Westchester Ave., Suite 308W
White Plains, New York 10604
(914) 997-0303

# VERIFICATION

STATE OF NEW YORK            )
                             )  SS:
COUNTY OF WESTCHESTER        )


<u>JOHN DIXON</u>, being duly sworn, deposes and says:

I am the plaintiff herein.  I have read the foregoing and know the contents thereof;

the same is true of my own knowledge except as to the matters stated on information and

belief; as to those matters, I believe the same to be true.


PAUL N. CISTERNINO, ESQ.
Notary Public, State of New York
No. 02CI6020471
Qualified in Westchester County
Commission Expires _3/1/07_

_____
JOHN DIXON


Subscribed and sworn to before me this
_7th_ day of November 2006.


_____
Notary Public

9

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | John Dixon<br>15 Fieldstone Drive<br>Unit 145<br>Hartsdale, NY 10530 | From: | New York District Office - 520<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 160-2006-00098 | Joan Marchese,<br>Investigator | (212) 336-3782 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court** <u>WITHIN 90 DAYS</u> **of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court** <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred** <u>more than 2 years (3 years)</u> **before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Spencer H. Lewis, Jr.,
Director

AUG 1 1 2006

*(Date Mailed)*

Enclosures(s)

cc:   **NORTHWEST AIRLINES**